# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

JOHN S. JEFFERSON                                                                             PLAINTIFF

V.                                      No. 1:12CV00125 BSM-BD

TAMMY CARNARD and MELVIN NANCE                                          DEFENDANTS

## RECOMMENDED DISPOSITION

**I.   Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Chief Judge Brian S. Miller. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

II. **Background:**

John S. Jefferson, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit pro se under 42 U.S.C. § 1983. (Docket entry #2) He alleges that Defendants Tammy Canard and Melvin Nance acted with deliberate indifference to his medical needs.

Defendants have moved for summary judgment, arguing that Mr. Jefferson failed to exhaust his administrative remedies prior to filing this lawsuit, a requirement of federal law. (#29) Mr. Jefferson has not responded to the motion and the time for doing so has passed.

Based on the undisputed evidence presented, the Defendants' motion (#29) should be GRANTED. Mr. Jefferson's claims should be DISMISSED, without prejudice, for failing to exhaust his administrative remedies.

III. **Discussion:**

The Prison Litigation Reform Act requires that prisoners exhaust all "available" remedies before filing suit under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819 (2001) (holding that available remedies "must be exhausted before a complaint under § 1983 may be entertained"). For purposes

of § 1983, an "available remedy" is one that is "capable of use for the accomplishment of a purpose; immediately utilizable [and] accessible." *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001). If exhaustion is not complete by the time a lawsuit is filed, the Court must dismiss it. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

Whether proper exhaustion has been achieved turns on the specifics of the prison policy. *Jones v. Bock*, 549 U.S. 199, 923 (2007). Prisoners can be excused from exhausting administrative remedies, but only when correction officials have prevented them from using grievance procedures or when the officials themselves have not complied with the administrative procedures. *Miller v. Norris*, *supra* at 740; *Foulk v. Charrier*, 262 F.3d 687, 697–98 (8th Cir. 2001). An inmate's subjective belief that the procedures were not available "does not matter" and is not determinative. *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005)(quoting *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002)).

Here, Sherrie Williams, an ADC administrator, has testified that Mr. Jefferson did not complete the grievance procedure prior to filing this lawsuit. (#29-3) Although Mr. Jefferson submitted twelve medical grievances during the time period relevant to this lawsuit, according to Ms. Williams, Mr. Jefferson did not complete the grievance process with regard to any of those grievances "through appeal to the Deputy Director for Health and Correctional Programs," as required by ADC policy. (#29-1 at p.11; #29-2 at p.11; #29-3 at pp.1-2)

Mr. Jefferson has failed to come forward with any proof to rebut the evidence showing that he did not fully exhaust the claims brought in this lawsuit. As a result, his claims should be dismissed, without prejudice.

## IV.     Conclusion:

The Court recommends that the Defendants' motion for summary judgment (#29) be GRANTED, and that Mr. Jefferson's claims be DISMISSED, without prejudice.

DATED this 17th day of July, 2013.

_____
UNITED STATES MAGISTRATE JUDGE